```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                     :
ALBERT V. LOUIS, JR.,                :
                                     :
        Petitioner,                  :    Civ. No. 15-6420 (NLH)
                                     :
    v.                               :    OPINION
                                     :
STATE OF NEW JERSEY, et al.,         :
                                     :
        Respondents.                 :
_____:

APPEARANCES:
Albert V. Louis, Jr., #200841/159226B
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302
    Petitioner, pro se

HILLMAN, District Judge

    Petitioner Albert V. Louis, Jr., a prisoner confined at the South Woods State Prison in Bridgeton, New Jersey, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a parole decision by the New Jersey State Parole Board. Petitioner does not submit the $5 filing fee; nor does he submit an application to proceed in forma pauperis. Additionally, the Petition is not submitted using the forms supplied by the Clerk of the Court.

    In his Petition, Petitioner seeks the Court's assistance in filing an expedited petition. The Court provides the following procedural information to aid Petitioner in filing his claims.

## I. FILING FEE

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either

paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

## II.   FORM OF THE PETITION

The Petition is not submitted using the habeas form supplied by the Clerk for section 2254 petitions. See AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014).  Specifically, Local Civil Rule 81.2(a) requires use of the Court's form unless the petition is prepared by counsel.  The use of this form will assist both Petitioner and the Court in assessing the appropriateness and merits of the Petition. See Rule 2 of the Rules Governing Section 2254 Cases, advisory committee's note ("Administrative convenience, of benefit to both the court and the petitioner, results from the use of a prescribed form.").

Further, the Petition in this case does not substantially follow the form supplied by the Clerk of the Court.  Among other things, Rule 2 of the Rules Governing Section 2254 Cases requires a petitioner to specify all grounds for relief and to

state the facts supporting each ground in the petition. See Habeas Rule 2(c)(1), (2).  Also, the form used by Petitioner does not include language certifying that Petitioner has been advised, consistent with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), of the consequences of filing such a petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that Petitioner is aware of his obligation to file one all-inclusive § 2254 petition.  Accordingly, in the event he chooses to apply to reopen this case by either paying the filing fee or submitting a complete in forma pauperis application, Petitioner will be required to resubmit his Petition using the forms provided to him by the Clerk of the Court.

Finally, Petitioner is reminded that the habeas statute provides relief for a petitioner held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  As a corollary, the United States Supreme Court has held that federal courts cannot grant habeas relief based on violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (claims based solely on state law are not cognizable in federal habeas review).  Rather, in evaluating the alleged grounds for relief in a habeas corpus petition, the court is limited to federal bases for relief. Id. at 68.

III. CONCLUSION

For the foregoing reasons, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis. He must also submit an amended Petition using the forms supplied by the Clerk of the Court.

An appropriate Order will be entered.

    s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: October 27, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).