UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ALBERT V. LOUIS, JR.,               :
                                    :
        Petitioner,                 :    Civ. No. 15-6420 (NLH)
                                    :
    v.                              :    OPINION
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
        Respondents.                :
_____:

APPEARANCES:
Albert V. Louis, Jr., #200841/159226B
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302
    Petitioner, pro se

HILLMAN, District Judge

     This matter is presently before the Court upon receipt of a letter from Petitioner Albert V. Louis, Jr., a prisoner confined at the South Woods State Prison in Bridgeton, New Jersey. Petitioner initially filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a parole decision by the New Jersey State Parole Board. (ECF No. 1).

              I.    BACKGROUND AND PROCEDURAL HISTORY

     On October 27, 2015, this case was administratively terminated due to Petitioner's failure to either prepay the $5 filing fee or submit an application to proceed in forma pauperis. (ECF No. 3). Petitioner was also informed that his

Petition was not submitted on the appropriate court-provided forms and he was directed that, in the event he wished to refile his Petition, he must satisfy the filing fee requirement and submit an amended petition using the forms supplied by the Clerk of the Court.

## II. AMENDED PETITION

On November 9, 2015, the Court received a letter from Petitioner (ECF No. 4) which includes an Amended Petition. (Letter 4-13, Nov. 5, 2015, ECF No. 4). Accordingly, this case was reopened for review by a judicial officer.

In reviewing Petitioner's submission, the Court notes that he has properly submitted his Amended Petition using the forms supplied by the Clerk of the Court as required by Local Civil Rule 81.2(a). See AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014). However, Petitioner has again failed to either prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a); or to submit an application for leave to proceed in forma pauperis.

As explained to Petitioner in the Court's previous Order, the filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to

proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. CIV. R. 81.2(c).

    Because Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis, this matter will again be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

    To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials'

3

refusal to comply, including the dates of such events and the names of the individuals involved.

### III. LETTERS FROM PETITIONER

The Court notes that Petitioner submitted a letter along with his Amended Petition. (ECF No. 4).  Additionally, since the filing of his Amended Petition, Petitioner has filed three subsequent letters with the Court. (ECF Nos. 5-7).

In the letter submitted with his Amended Petition (ECF No. 4), Petitioner expresses concern regarding the "letter brief and appendices on behalf of respondent State Parole Board on the merits of this appeal." (Letter 1, Nov. 5, 2015, ECF No. 4). Petitioner asks this Court to investigate as to where this documentation is located; and he seeks an update as to the progress of this case, and information regarding the court process in general.

The Court is unable to provide Petitioner with substantive advice.  However, Petitioner is informed that if he applies to reopen the instant case and satisfies the filing fee requirement as directed above, the Court will conduct a preliminary review of the Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court will summarily dismiss the Petition. Habeas Rule 4.  However, if, after conducting its

preliminary review, the Court determines that summary dismissal of the Amended Petition is not warranted, the Court will then direct Respondents to file a full and complete answer to all claims asserted in the Petition.  This Answer will necessarily include relevant portions of the record below.  If, after reviewing the record provided by Respondents, Petitioner remains concerned that relevant documentation is missing, he may bring the issue to the Court's attention at that time.

In Petitioner's letter dated November 18, 2015 (ECF No. 5), he reiterates the allegations of his Petition and attaches a copy of a decision from the New Jersey Appellate Court.  He again asks for assistance in resolving the issue he believes exists with respect to his commutation credits.

In Petitioner's letter dated November 24, 2015 (ECF No. 6), he again reiterates the facts of his case, discusses the regulations which he believe control the calculation of his commutation credits, and expresses his desire to be heard in court.  Petitioner also references an "attached state pay statement" and an "affidavit of poverty and certification." (Letter 1, Nov. 24, 2015, ECF No. 6).  He states that he has "no money for copies." (Id.).  It is unclear what is meant by this. As previously explained, Petitioner may submit an application to proceed in forma pauperis and, if granted, the Petition will be filed and screened pursuant to Rule 4 without pre-payment of the

5

$5 filing fee. Indeed, this was explained to Petitioner in the Court's October 27, 2015 Opinion (ECF No. 2), and he was supplied with a blank form "Affidavit of Poverty and Certification (Habeas Corpus) (DNJ-Pro Se-007-B) (Rev. 09/09)," to be used in any future application to proceed in forma pauperis (ECF No. 3). However, Petitioner has not submitted this document or the certified trust account statement to the Court, as explained above.

Finally, in Petitioner's letter dated November 28, 2015 (ECF No. 7), he again discusses the facts of his case, the regulations which he believe apply, and provides a computation which — presumably — he believes supports the arguments set forth in his Amended Petition. Petitioner also discusses the exhaustion requirement and states that he is confused and "totally exasperated." (Letter 2, Nov. 28, 2015, ECF No. 7). Petitioner further asks that he be granted a stay and abeyance in the event this Court determines that some of the claims in his Amended Petition are unexhausted and, thus, his Amended Petition is a "mixed petition." (Id. at 6). Petitioner also attaches documents submitted to the Supreme Court of New Jersey and to officials at South Woods State Prison. (Id. at 8-10).

The Court makes no determination as to the merits of Petitioner's claims or the issue of exhaustion. The Court again takes this opportunity to explain that it is unable to provide

6

Petitioner with substantive advice.  However, to the extent possible, this Court has explained the procedure and does so again now:  Petitioner may apply to reopen the instant case by satisfying the filing fee requirement as directed above — by either paying the $5 filing fee or by submitting a complete application to proceed in forma pauperis.  If the filing fee requirement is satisfied, the Court will conduct a preliminary review of the Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner is on notice that, if the fee is satisfied, the Amended Petition is the document that will be screened by the Court, not the arguments set forth in the various letters he submitted. See Habeas Rule 2(c)(1) ("[The petition must] specify all the grounds for relief."); Mason v. Myers, 208 F.3d 414 (3d Cir. 2000) (discussing requirement to file one all-inclusive petition within the one-year statutory period).

In the event Petitioner wants the Court to consider new arguments set forth in his letters, which were are not present in his Amended Petition (ECF No. 4), he must file a Second Amended Petition — on the appropriate court-provided forms — that is complete in itself and includes all claims he wishes the Court to consider.  If Petitioner believes that his Amended Petition includes all claims he wishes to have addressed by the Court, then he need not submit a Second Amended Petition.

7

IV. CONCLUSION

For the foregoing reasons, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

```
                            ___s/ Noel L. Hillman_____
                            NOEL L. HILLMAN
                            United States District Judge
```

Dated: December 9, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).