```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
ALBERT V. LOUIS, JR.,           :
                                :        Civil No. 15-6420 (NLH)
           Petitioner,          :
                                :
       v.                       :        OPINION
                                :
WARDEN WILLIE BONDS,            :
                                :
           Respondent.          :
_____:
```

APPEARANCES:
Albert V. Louis, Jr.
200841/SBI 159226b
New Jersey State Prison
600 Cass Street
Trenton, NJ 08625
     Petitioner pro se

Gregory R. Bueno
Office of the Attorney General
State of New Jersey
25 Market Street
P.O. Box 112
Trenton, NJ 08625
     Counsel for Respondent


HILLMAN, District Judge

Petitioner Albert V. Louis, Jr. ("Petitioner"), a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. For the reasons stated below, the Amended Petition will be dismissed without prejudice as unexhausted.

## I. BACKGROUND

On August 20, 2015, Petitioner submitted his initial Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. This Court entered an Opinion and Order administratively terminating this matter because Petitioner failed to submit the Petition on the correct form and failed to meet the filing fee requirement. ECF Nos. 2, 3. Petitioner eventually submitted the filing fee and an amended petition. ECF No. 4. Pursuant to the Court's subsequent Mason[1] notice, he advised that his previous Amended Petition, ECF No. 4, is his all-inclusive petition, ECF No. 19. In his Amended Petition, Petitioner raises the following claims:

> 1. The N.J.S.P.B. and it's members know of the Appellate Division's latest unpublished decisions regarding N.J.S.P.B.'s exceeding of an inmate's max date by not adherent [sic] to the court order in other actions, of the same, my liberty became violated.
>
> The 180 month FET/HIT is excessive, illegal, and is clearly a violation of my entitled commutation credits. The 11 year FET, pass [sic] my (April 14, 2018) max date, was then subtracted by 1,632 of my good time credits or commutation credits. The fact that a very clear manipulation of my entitled credits that would have release[d] me almost 18 months ago. (A legal FET/HIT.) I would have been in prison 9 months pass [sic] my max date.
>
> 2. The 180 month FET/HIT exceeds my maximum

---
[1] Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

2

> sentence. On May 03, 2014. My sentence max date is April 14, 2018. That's (3 yrs 11 months) from May 03, 2014. That's without any entitled good time/commutation credits violation.
>
> The N.J.S.P.B. action in this, is with clear malice. The responsibility of this agency is civil, and to ensure the citizens that corrections was applied. The clear disregard for that is in the 180 month FET/HIT. The actions of the Board and Panels were arbitrary and capricious. The Board's actions and stated concerns appear to be contrary to the reality they imposed.

ECF No. 4, Am. Pet. ¶ 13.

The Court ordered Respondent to file an answer, which they did on March 30, 2016. ECF No. 34. Thereafter, Petitioner filed approximately thirty submissions with the Court, some of which appear to be relevant to his Petition, but the majority of which appear unrelated. ECF Nos. 40-44; 46, 48, 49, 51-72, 74-77.

On August 4, 2017, this Court entered a supplemental order, requiring Respondent to address Petitioner's request for a stay. ECF No. 80. The Court noted that while it was not entirely clear, it appeared that in his request for a stay, ECF No. 7, and a subsequent submission, ECF No. 27, Petitioner may be arguing that he had good cause for failing to exhaust his claims because he relied on a July 24, 2015 letter he received from the New Jersey Supreme Court. ECF No. 80. Petitioner appears to

have "inferred" said letter to suggest that he did not need to exhaust his claims with the New Jersey Supreme Court before filing here, although nothing in the letter supports such an inference. ECF No. 27.

On September 5, 2017, Respondent filed their response to Petitioner's request for a stay. ECF No. 83. Respondent argues that Petitioner is not entitled to a stay because "inferring from the Supreme Court's letter that he could not pursue further review in the State courts is not reasonable, and therefore does not constitute good cause for failing to properly present his parole case to the Supreme Court." Id. at 2.

Petitioner filed several letters after Respondent's supplemental answer, most of which are unrelated to this issues before the Court. However, in his September 6, 2017 letter, Petitioner states the following: "Bottom line, (No) I do not want to re-open any court case in N.J. Supreme Court. That was not my intention with my letter to the Clerk, Mr. Mark Neary." ECF No. 84.

**II. DISCUSSION**

A state prisoner applying for a § 2254 writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State" unless "there is an absence of available State corrective process[ ] or ...

4

circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997) (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Only if a petitioner's federal claims have been fairly presented to each level of the state court, including the state's highest court, is the

exhaustion requirement satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.

As a result, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  See Rose, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir.1997); see also Toulson, 987 F.2d at 989.

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson, 987 F.2d at 987.  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

As relevant to Petitioner, New Jersey law provides an absolute right to appeal any action or decision of a state administrative agency to the Superior Court, Appellate Division, under: (a) the State Constitution, N.J. Const. Art. VI, Sec. 5, ¶ 4, see Trantino v. N.J. State Parole Bd., 764 A.2d 940, modified on other grounds, 167 N.J. 619, 772 A.2d 926 (2001); and also under (b) the New Jersey Court Rules, see N.J. Ct. Rule 2:2-3(a)(2).  The state rules also enable all litigants to seek

certification from the New Jersey Supreme Court.  See N.J. Ct. R. 2:12-3.

Petitioner concedes that he has not exhausted his state court remedies.  Specifically, Petitioner filed his notice of certification with the New Jersey Supreme Court on December 29, 2015, but thereafter, via a letter dated January 12, 2016, he withdrew his petition for certification.  ECF No. 27.  Because he did not raise his claims to each level of the state courts, both of Petitioner's claims are unexhausted and subject to dismissal.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with the Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, Rhines, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition."  Id. at 278. See also Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-

abeyance under Rhines standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims).  The Rhines Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [Rose v. Lundy, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Rhines, 544 U.S. at 275; see also Floyd v. Ricci, No. 09-5338 (PGS), 2010 WL 2836611, at *2 (D.N.J. July 8, 2010) (explaining same).

Petitioner previously requested a stay on November 28, 2015, because he had a motion for reconsideration pending before the Appellate Division.  ECF No. 7.  The exact nature of his request was unclear, however, because he also requested to delete his unexhausted claims and proceed with only his exhausted claims.  Id.  The problem with such a request, as discussed above, is that none of his claims were exhausted.

Based on his pro se status, the Court will assume that Petitioner was requesting a stay.  To qualify for a stay, Petitioner must show that he had good cause for his failure to

8

exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  Rhines, 544 U.S. at 278.  With regard to the good cause requirement, Petitioner states that he "opted out" of the petition for certification for two reasons: (1) "[his] case to [him] is very time sensitive and the Supreme Court of N.J. is a 'discretionary' judiciary. Respect to the Court;" and (2) "the attach[ed] letter dated July 24, 2015 from the Clerk of the Supreme Court of N.J. inferred or is saying that [he] can file [his] habeas petition, there is no procedure under N.J. law for filing? So [he] choose to file for relief in this federal court."  ECF No. 27.

The attachment to which Petitioner refers is a letter from the Clerk of the New Jersey Supreme Court, dated July 24, 2015, which responds to a submission from Petitioner, and states that "you make reference to a petition for habeas corpus in your letter.  There is no procedure under New Jersey law for the filing of a habeas petition.  That is an application that is made in the federal courts."  Id.

The Court finds that Petitioner has not shown good cause. While it appears that Petitioner misunderstood the letter from the Clerk of the New Jersey Supreme Court, there is nothing in that letter which should have indicated to him that he did not

need to exhaust his appeal with the New Jersey Supreme Court before filing his habeas Petition in this Court. In fact, the letter explicitly informs him that "the Supreme Court sits in review of orders and judgments of the Superior Court, Appellate Division." ECF No. 27. Moreover, he filed his petition for certification with the New Jersey Supreme Court several months after he received that letter from the clerk, further indicating that the letter was not misleading. That he chose to then withdraw his petition for certification thereafter does not appear to be related to any confusion over the Clerk's letter.

Accordingly, for these reasons, Petitioner is not entitled to a stay and the habeas petition will be dismissed without prejudice as unexhausted. See, e.g., Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) ("[I]n the absence of a state court decision indicating that a habeas corpus petitioner is clearly precluded from state court relief, the district court should dismiss the claim for failure to exhaust even if it is not likely that the state court will consider petitioner's claim on the merits."); Swan v. Coupe, 967 F. Supp. 2d 1008, 1011 (D. Del. 2013) ("Generally, a federal court will dismiss a habeas application consisting entirely of unexhausted claims without prejudice in order to give a petitioner an opportunity to present the unexhausted claims to the state courts.") (citing

Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000)); see also Alford v. Ellis, No. 15-3783, 2015 WL 4561281, at *2-3 (D.N.J. July 28, 2015) (dismissing habeas petition without prejudice that brought claims regarding parole revocation proceedings because petitioner failed to exhaust his claims). Because Petitioner's claims are plainly unexhausted, this Court need not consider respondent's alternative argument that the Amended Petition can be denied on the merits as well.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

**IV. CONCLUSION**

For the above reasons, the § 2254 habeas Petition is dismissed without prejudice, and a certificate of appealability will not issue. An appropriate Order follows.[2]

Dated: February 16, 2018　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[2] On an unrelated note, in one of his submissions, Petitioner states that he wishes to file a civil rights action, but is prevented from doing so because the Business Account Office is refusing to sign his account certification for the in forma pauperis application. (ECF No. 87.) The Court will advise the Clerk of the Court to provide Petitioner with a blank civil rights complaint form and in forma pauperis application.

To the extent prison officials refuse to provide Petitioner with an account certification, Petitioner must provide a certification specifying the names and titles of authorized prison officials whom he approached with requests for a certified copy of his account statement for the six month period immediately preceding the filing of any complaint; the dates of these requests; and the reasons these authorized prison officials gave to Petitioner in connection with their decision to decline his requests. Upon being presented with Petitioner's certification to that effect, this Court would be in the position to determine whether it should excuse Petitioner's failure to obtain an authorized prison official's signature, or whether the Court should conduct an additional inquiry into this matter.